UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALAN M. SCHWARTZ,
    Plaintiff,

vs.

CASE NO.:
DIVISION:

CAPIO PARTNERS, LLC,
    Defendant(s).
_____/

## COMPLAINT

COMES NOW Plaintiff(s), ALAN M. SCHWARTZ ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant(s), CAPIO PARTNERS, LLC ("Defendant") and states as follows:

### FACTS COMMON TO ALL COUNTS

1. At all times material to this action, Plaintiff is an individual who resides in the county of the instant action, State of Florida.

2. Plaintiff hereby demands its right to a jury trial on issues so triable.

3. At all times material to this action, Defendant named herein and/or their assignors regularly engage in substantial business activity in the State of Florida including in the county of the instant action, State of Florida.

4. All references to Defendant named herein shall also include Defendant named herein's predecessors.

### COUNT I- VIOLATIONS OF THE FDCPA

5. Plaintiff realleges paragraph numbers 1 through 4.

6. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA) for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys fees.

7. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

8. On March 14, 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

9. The Debt Collection Activity included send Plaintiff the collection letter attached hereto as **Exhibit "A"** (the "Debt Collection Conduct"). The Debt Collection Conduct attempted to

collect upon a debt that was not due or was already paid or settled in full. Even if the alleged debt was owed, the Debt Collection Conduct attempted to collect a 'stale debt' without meaningful disclosure the consequences of making a payment on a debt barred by the statute of limitations. Even if the alleged debt was owed, the Debt Collection Conduct attempted to offer misleading discount offers with disclosure that such offer would not be renewed. Even if the alleged debt was owed, the Debt Collection Conduct threatened report Plaintiff to the credit bureaus if Plaintiff did not pay this discharged or barred debt.

10. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of 15 U.S.C. §1692:

> *§1692(d) A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*
> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>> *(2)The false representation of—*
>>> *(A)the character, amount, or legal status of any debt;*
>> *(5)The threat to take any action that cannot legally be taken or that is not intended to be taken.*
>> *(8)Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*
>> *(10)The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*
>
> *§1692(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>> *(1)The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

11. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

12. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II- VIOLATIONS OF THE FCCPA

13. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

14. This is an action against Defendant for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA) for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys fees.

15. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

16. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

> *(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*
>
> *(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*
>
> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

17. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

18. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II- VIOLATIONS OF THE FCCPA

13. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

14. This is an action against Defendant for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA) for damages, interest, court costs and attorneys fees.

15. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

L17-1029

16. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

> *(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*

17. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

18. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT III- VIOLATIONS OF THE FCCPA

19. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

20. This is an action against Defendant for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA) for damages, interest, court costs and attorneys fees.

21. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

22. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

> *(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*

23. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

24. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

L17-1029

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT IV- VIOLATIONS OF THE FCCPA

25. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

26. This is an action against Defendant for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, et. seq. (FCCPA) for damages, interest, court costs and attorneys fees.

27. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

28. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

29. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

30. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT V- VIOLATIONS OF THE FCCPA

31. Plaintiff realleges paragraph numbers 1 through 4 and 8 herein.

32. This is an action against Defendant for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, et. seq. (FCCPA) for damages, interest, court costs and attorneys fees.

33. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

34. Defendant's violation of the FDCPA as described paragraph 10 of Count 1 is a violation of the following provisions of <u>Florida Statutes</u>, §559.72:

> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

35. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

36. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the <u>Florida Statutes</u>, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

STAMATAKIS + THALJI + BONANNO

<u>By: / s / Scott D. Stamatakis</u>
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
P.O. Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: <u>Service@MyInjury.com</u>
Trial Counsel Counsel for Plaintiff

L17-1029